# Richmond.

GLOBE FURNITURE CO. v. TRUSTEES OF JERUSALEM BAPTIST CHURCH.

February 2, 1905.

1. CHURCH TRUSTEES—*Judgment—Liability of Church Property.*—A judgment against the trustees of a church for the amount of the purchase price of pews and other furniture, bought and placed in the church and used by the congregation, does not, in this State, constitute a lien on the church or other property held by such trustees for the benefit of the congregation, nor on the proceeds of the sale thereof. Such judgment simply binds personally the individual trustees against whom it was obtained.

2. CHURCH TRUSTEES—*Powers and Liabilities—Suits Under Code, Sec. 1402.*—Under statutes of this State the trustees of a church merely hold the legal title to the real estate conveyed, devised, or dedicated for the use and benefit of the religious congregation, at whose instance they have been appointed, and have no power of their own volition, and in their capacity as trustees, to either alien or encumber such real estate. The provision of sec. 1402 of the Code (1904), allowing them to be sued in relation to land or any property held by them in trust, relates only to suits against them touching the property the legal title to which is vested in them.

Appeal from a decree of the Law and Chancery Court of the city of Norfolk, in a suit in chancery, wherein the appellant was the complainant and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*P. A. Agelasto* and *Wm. W. Old & Son,* for the appellant.

*A. B. Seldner*, for some of the appellees.

HARRISON, J., delivered the opinion of the court.

The question involved in this case is whether or not the judgment asserted constitutes a lien upon the lot and house of worship thereon of the appellees, or upon the proceeds of sale thereof.

It appears that two of the trustees of the church bought of the appellant certain pews and church furniture which were delivered and placed in the church. The debt thus created not having been paid, suit was brought by the appellant and judgment by default obtained against the several trustees of the church. The object of the present chancery suit is to enforce this judgment as a lien upon the real estate of the church, or upon the proceeds of the sale of a part of its church lot to the city of Norfolk.

Churches in Virginia are not incorporated, and under the policy of our law cannot be. The property they are permitted to hold and its use is fixed by statute. Church trustees are creatures of statute, and their powers are limited by the law that authorizes their appointment.

Section 1398 of the Code, as amended and found in Virginia Code, 1904, validates every conveyance, devise, or dedication, for the use and benefit of any religious congregation as a place for public worship which has been made since January 1, 1777, and provides that the land shall be held for such use or benefit, and for such purpose, and not otherwise.

Section 1399 of the Code, as amended and carried into Virginia Code, 1904, provides the method of appointment of trustees, upon the application of the proper authorities of the congregation, in order to effect or promote the purpose of such conveyance, devise, or dedication, and that the legal title to

such land shall, for that purpose and object, be vested in the trustees.

Section 1405 of the Code provides how a congregation may proceed to sell or encumber church property; and section 1406, as amended and found in Virginia Code, 1904, provides how trustees may by suit in the proper court effect an encumbrance upon or a sale or exchange of such real estate, provided it shall appear to be the wish of the congregation.

Section 1402, as amended and found in the Virginia Code, 1904, provides that church trustees may sue in their own names to recover any land, or other property, held by them in trust, or damages for any injury thereto, and be sued in relation to the same.

It is very plain that this section has no reference to suits of the character we are considering, but relates only to suits by or against the trustees touching the property, the legal title to which is vested in them.

It is clear from the statute law to which we have adverted that the trustees of a church merely hold the legal title to the real estate conveyed, devised, or dedicated for the use and benefit of the religious congregation, at whose instance they have been appointed, and have no power of their own volition, and in their capacity as trustees, to either alien or encumber such real estate.

The judgment asserted is valid as to the individuals against whom it was obtained, but it has no validity as a lien upon the real estate of the appellees. If the church property could be encumbered by this method, the statutes mentioned would be useless, and it would be in the power of church trustees, appointed merely to hold the legal title, to sweep away their house of worship, without the authority or even knowledge of the religious congregation that had acquired it.

If the judgment constitutes no lien upon the real estate of

the congregation, it, for the same reason, is no lien upon the proceeds of that part thereof taken for street purposes by the city of Norfolk.   When the sale is made at the instance of the congregation under section 1405, the proceeds are to be disposed of by the court in such manner as the congregation may desire.   And when the sale is made at the instance of the trustees, under section 1406, the court is to make the necessary order for the proper reinvestment of such proceeds.

We have dealt with the legal rights of the parties to this litigation.   It is hardly necessary to add that nothing we have said has been intended as approving the course of this congregation in failing to pay for pews and other church furniture used and enjoyed by them.   Such conduct is in the highest degree reprehensible.

The lower court committed no error in sustaining the demurrer to the original and supplemental bills filed by the appellant, and the decree complained of must, therefore, be affirmed.

*Affirmed.*