## CIRCUIT COURT OF THE CITY OF RICHMOND

Paul E. Uhrig

v.

Herbert B. Mitchell et al.

May 2, 1974

Case No. 6614

By JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the order entered today sustaining the demurrer of the defendants. This action is dismissed without prejudice to the right of the plaintiff to bring an action against the church in question.

The broad main issue before the court is whether the proper parties have been named defendants herein.

Counsel for the plaintiff upon oral argument of the demurrer stated that this is an action ex con-tractu, so the court will treat it as such even though some of the damages alleged may be appropriate to an action in tort.

Treating the allegations as they must be upon demurrer, the plaintiff states the following facts in the motion for judgment: that he was the pastor of The Little Country Church having been called to that position in 1960; that on November 10, 1960, an agree-ment was entered into between the plaintiff "and the

members of the Board of Stewards of [the church], who had proper authority to bind the church . . ." providing that the plaintiff for his lifetime would have full charge and supervision of the church; that on April 8, 1973, "the congregation of [the church], at a proper meeting thereof, . . ." adopted a resolution providing for a one year leave of absence with pay after which the plaintiff would resume his duties as pastor; that on May 19, 1973, the Board of Stewards of the church advised the plaintiff that "the church" was then discontinuing all benefits and salary; and that as the result of the breach of the 1960 and 1973 "contracts," the plaintiff has suffered damages.

It is further alleged that the first eleven named defendants comprise the membership of the Board of Stewards of the church and the other defendants are the present trustees of the church.

The court will assume without deciding that the 1960 writing and the 1973 resolution, copies of which are incorporated by reference and attached to the motion for judgment, are contracts or comprise a contract of employment, as the plaintiff asserts.

The church, an unincorporated religious association, has not been sued as permitted by Code § 8-66 (1973 Cum. Supp.), except by the inference in the last four lines of the motion for judgment.

The claim against the trustees can be summarily disposed of. Nowhere in the plaintiff's declaration is there any allegation that these defendants individually were parties to either "contract" or that they were a party to any breach thereof. The actors in these events are alleged to be the members of the Board of Stewards. See paragraphs 1, 2 and 5 of the motion for judgment. The only mention of the trustees is found in paragraph 8 and in the ad damnum clause of the plaintiff's pleading. In Virginia, church trustees are creatures of statute and merely hold legal title to the real property and have no power over it of their own volition, their powers being limited by the law that authorizes their appointment.

Globe Furniture Co. v. Trustees of Jerusalem Baptist Church, 103 Va. 559 (1905); Muse, Virginia Laws Affecting Churches, 43 Va. L. Rev. 119 (1957). The logical inference from what is stated in the declaration as to these three defendants is that they are duly appointed trustees under Code § 57-8 (1973 Cum. Supp.). No ultra vires act is alleged or inferred. Under these circumstances, no cause of action has been stated to support a judgment "personally" against them.

Moreover, stating in the last four lines of the motion for judgment that these defendants are sued "in their capacity as the Trustees of The Little Country Church . . ." is not sufficient to have this action in this form considered as a suit against the church. Code § 8-66 provides that the church may be sued under the name by which it is commonly known and that process may be served upon any trustee, among others. This means that the church under its commonly known name should be the named defendant, not the individual trustees thereof.

The issue to be decided as to the remaining defendants, the Board of Stewards, sued individually is more difficult of determination in view of the present state of the law in Virginia as to the contract liability of individual church members. Muse, supra, at p. 123. That issue may be stated to be whether in Virginia there is personal liability upon members of a Board of Stewards, or other committee of an unincorporated religious society, who sign contracts of employment on behalf of the church or society where duly authorized so to do by such society or congregation, when the employee knows these individuals are acting for such society. That question must be answered in the negative.

The plaintiff claims that while suit may properly proceed against the church, individual liability also attaches, under the authority of Forsberg v. Zehm, 150 Va. 756, 61 A.L.R. 232 (1928), decided by the Special Court of Appeals. Zehm, an organist, sued the members of the Board of Stewards of a Methodist church for wrongful discharge under a contract made by the music

committee of the church. In stating that the members of the Board of Stewards were jointly and severally liable to Zehm because the Board had caused Zehm to be employed through their music committee, the court said that "in Virginia a church or its congregation cannot contract, certainly not unless perhaps by reason of a specially held meeting and through a special committee appointed by the members attending such meeting." 150 Va. at 766. In that opinion emphasis is placed upon the indefinite meaning of "church" and the court held that the music committee was not the agent of the congregation but the agent of the Board of Stewards. 150 Va. 764-766.

Zehm is of doubtful precedent in this case for two reasons. First, the foregoing language was expressly disapproved by the Supreme Court in Cain v. Rea, 159 Va. 446, 459, 85 A.L.R. 945 (1932), wherein it was held that an architect had "entered into a valid contract of employment with the congregation of the church . . . ." 159 Va. at 459. Second, in Zehm the contract had not been approved by the congregation. Here, as in Cain, it is alleged that the committee (trustees in Cain and the Board of Stewards here) had "proper authority to bind the church," that is, their actions in making the contract were duly authorized by the church.

The court holds that in Virginia the members of Boards of Stewards or other committees of religious societies are not personally liable on contracts of employment made with the pastor or other employee thereof when such employee knows they are acting for such society, unless it be expressly understood that such employee is dealing with the individual member or members on their personal credit, assuming, of course, that such individuals are duly authorized by the congregation or applicable church discipline to so act. Cain v. Rea, supra; Hawthorne et al. v. Austin Organ Co., 71 F.2d 945, 948-952 (4th Cir. 1934).

This foregoing conclusion seems inevitable when settled agency principles are applied. "If a contract is made with a known agent acting within the scope of

his authority for a disclosed principal, the contract is that of the principal alone and the agent cannot be held liable thereon, unless credit has been given expressly and exclusively to the agent and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone." 3 Am. Jur. 2d Agency, § 294, p. 654; 3 C.J.S. Agency, § 365 (1973); 76 C.J.S. Religious Societies, § 29, p. 778, ftn. 79, 80; Restatement, Agency (2d ed.) § 320. Cain has settled the question that a church congregation has legal personality and may properly enter into a valid binding contract, contrary to the view expressed in Zehm that a church or its congregation is not a competent party to a contract. 150 Va. at 766. Being clothed with such legal status, it seems logical and practical for such body as principal to act through duly authorized agents to conduct the affairs of the organization and such agents' nonliability results. It is common knowledge that churches are today operated much like businesses. There is a community of interest among the congregation in its aims and purposes. There is a budget to govern its financial affairs. Boards and committees carry out its various functions and activities. Employees administer its daily affairs. The congregation is the church and the church is the congregation. Therefore, reason dictates that it be accorded the legal status of a competent contracting party.

It is recognized that Hawthorne dealt, in part, with the former Virginia Negotiable Instruments Law and the liability of one executing a negotiable instrument in a representative capacity (see present Code § 8.3-403), but the reasoning of Judge Soper is most persuasive upon the inherent power under Virginia law of a church congregation to authorize other persons to enter into a contract on its behalf. 71 F.2d at 948-952.

For these reasons, the demurrer is sustained and the action is dismissed.