**In the Matter of Martin Luther SAUNDERS, Debtor.**

**Bankruptcy No. B86–00024–Y.**

United States Bankruptcy Court, N.D. Ohio.

April 7, 1986.

Robert A. Ciotola, Youngstown, Ohio, for debtor.

Michael Gallo, Youngstown, Ohio, trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This matter is before the Court on the request of Debtor, MARTIN LUTHER SAUNDERS, for an Order confirming the proposed Chapter 13 Plan filed in the above-captioned case. The facts are as follows:

1. Debtor filed a Petition and proposed plan of repayment under Chapter 13 of the Bankruptcy Code on January 10, 1986. A meeting of creditors pursuant to 11 U.S.C. Sec. 341 was held on February 5, 1986. No credi-tors attended the meeting. The Trustee refused to recommend the Plan for confirmation.

2. Debtor's schedules list a secured debt to FINANCE AMERICA CORPORATION in the amount of Twenty Thousand Dollars ($20,000.00) and total unsecured debts in the amount of Three Thousand, Eight Hundred Fifty-Nine Dollars ($3,859.00). Debtor's Chapter 13 Plan provides for a One Hundred Dollar ($100.00) per month payment to the Trustee with a 100 percent (100%) payout to unsecured creditors over the course of approximately 55 months. The secured creditor is to be paid outside the Plan.

3. The Trustee refused to recommend the Plan for confirmation on the grounds that Debtor's wife's income was not included in Debtor's Chapter 13 budget. Debtor's wife was not included as a Debtor in this Chapter 13 case, but Trustee argues that her income is, nonetheless, required to be included in the budget. If this is done, Debtor's monthly disposable income would be increased, thus allowing for a larger monthly payment to the Trustee and a quicker repayment of unsecured debt.

The issue presented herein is whether the income of a non-filing spouse must be included in a Debtor's Chapter 13 budget. The Trustee argues that the income of a non-debtor spouse must be set forth and included in the budget submitted by Debtor to allow for an accurate analysis of a debtor's monthly disposable income under 11 U.S.C. Sec. 1325(b). In support of this position, the Trustee points out that Official Form Number 10, annexed to the Rules of Bankruptcy Procedure, requires the income of both spouses to be set forth, whether a single or a joint petition is filed. The Trustee also cites the cases of *In re Kern*, 40 B.R. 26 (Bankr.S.D.N.Y.1984) and *In re Sellers*, 33 B.R. 854 (Bankr.D.Colorado 1983) in support of his position. In

these cases, as well as in the case of *In re Kull,* 12 B.R. 654 (S.D.Georgia 1981), the courts were charged with the task of construing the good faith requirement of 11 U.S.C. Sec. 1325(a)(3). In the course of their analysis, however, all three courts made a specific determination that the income of the non-filing spouse must be included in the debtor's Chapter 13 budget and income statement. In *Kern, supra,* the court set forth its analysis as follows:

> In essence, Kern seeks a discharge ... pursuant to a plan that seeks, in effect, to have his creditors bear the brunt of a budget where he pays all living expenses for him and his wife, even though his wife can afford to bear her share. While one can appreciate his wife's desire to conserve her earnings for possible contingencies and her desire to live off her husband's income, there comes a point beyond which creditors should not be required to accept a plan. . . .
>
> For this court to confirm Mr. Kern's plan as proposed on the basis of his assertion that Mrs. Kern will divorce him if asked to contribute to her own support is simply untenable. To do so would mean forcing Mr. Kern's creditors to subsidize part of her daily living expenses. The Code contemplates no such result. Instead, it requires a meaningful budget, accompanied by devotion of much of the surplus income, to repay creditors. It does not require a set percentage. But, it does require the debtor's best efforts. Such are not to be found through a restructuring of family expenses to lessen the surplus and make it less available to creditors.

*Kern,* 40 B.R. at 28–29. *See also, Sellers,* 33 B.R. at 857; *Kull,* 12 B.R. at 659.

We find these decisions to be well-reasoned, and we hereby adopt the rationale of those courts. Accordingly, the Trustee's objection is sustained. Debtor is hereby given leave to amend his Chapter 13 statement to include the income of his spouse.

IT IS SO ORDERED.