## CIRCUIT COURT OF LOUDOUN COUNTY

In re Petition
for the Appointment
of Church Trustees

May 31, 1990

Case No. (Chancery) 89-12423

By JUDGE THOMAS D. HORNE

Pursuant to the provisions of § 57-8 of the Code of Virginia, petitioners seek to have this Court appoint trustees for certain church property in Loudoun County. Petitioners are the duly elected elders and deacons of the Blue Ridge Bible Church. The real property over which they wish to exercise their trusteeship is identified as tax map parcel No. 37-2L. More particularly, reference is made in the Petition to the description contained in the deed of conveyance and recorded among the land records of Loudoun County from Patrick Beaverly to Robert Braden, Thomas Stevens, and John Braden "for the purpose of building a meeting house or church and burying ground thereon." An order of publication was entered in the case against "Robert Braden, Thomas D. Braden [sic] and John Braden, their heirs, successors, and assigns, or any person claiming an interest in said property individually or on behalf of any church or religious organization."

The evidence introduced in the case indicates that there have been no subsequent transfers of the property since the 1810 deed from Beaverly to Braden et al. excepting only a portion which may have been taken fo· highway purposes. Presently, there is located upon the property a cemetery and foundation of a church which was damages or destroyed in 1929. Between 1910 and 1929, persons of various faiths worshipped at the building which occupied

the site. Several noted historians recounted the history of the property which was held by trustees for the Catoctin Free Church. Records of this Court indicate the appointment by the Honorable James Keith of John Hughes as a trustee for the Catoctin ("Ketoctin") Free Church on October 28, 1874. Minutes of the meeting of the congregation of the church held on May 12, 1929, reflect the appointment of new trustees for the church to be sent to the Court for confirmation.

Pursuant to the provisions of § 57-8, Code of Virginia, as amended, the Court is limited in its power to appoint trustees by the existence of an application of the "proper authorities of the church diocese, religious congregation, church, or religious society or branch or division thereof." Of the authority of the Court, it has been written:

> The only authority conferred upon the court is the appointment, change, and removal of trustees. The proceeding is summary and *ex parte* -- to be made on application of the proper authorities of the congregation -- and looks merely to securing the continued representation of the legal title by proper persons . . . . The function, and the only function, of the court in this proceeding is to determine who shall administer the trust -- not *how* it shall be administered. *Wade, et al. v. Hancock and Agee*, 76 Va. 620, 624, 625 (1882).

The trustees on their own have no power of their own volition to either alien or encumber such estate. *Globe Furniture Co. v. Trustees of Jerusalem Baptist Church*, 103 Va. 559 (1905). Petitioners are clearly not among the class of proper authorities for the congregation known as the Catoctin Free Church and therefore lack standing at this time to initiate this action.

Petitioner argues that the doctrine of *cy pres* should be applied in this case under the authority of Code of Virginia, § 55-31, arguing that appointing members of the Blue Ridge Bible Church to serve as trustees for the Catoctin Free Church fulfills "as nearly as possible" the original intention of the settlor. Assuming *arguendo* the existence of a valid trust, it is not clear that this

is a proper case for the application of the *cy pres* doctrine, as adopted in Virginia pursuant to Code of Virginia, Section 55-31. Petitioners must first acquire standing to bring such an action.

Ordinarily, the Attorney General has a preclusive right to institute proper proceedings to prevent a misuse of property devoted to a public charity. Ordinarily, the Attorney General is not only a proper but a necessary party to proceedings affecting the validity, administration, or enforcement of a charitable trust. 14 C.J.S. *Charities*, sects. 58(b), 62(b). This is so because of the need for a public representative to defend the public interest involved. Without such public interest, the donative attempt cannot be classified as a charity. *Shenandoah Valley National Bank of Winchester v. Taylor*, 192 Va. 135 (1951). *See also* 15 Am. Jur. 2d, *Charities*, § 144. While the respondent correctly acknowledges that no case has yet held this to be the law in Virginia, the petitioner has not yet demonstrated any reason why the Court should depart from this position. Certainly the Attorney General has the capacity to become a party to this action, should she be so advised, either on the relation of the petitioner or by intervention.

Accordingly, this action will be dismissed.