**In re John M. CARPENTER,
Chapter 13 Debtor.**

**No. 02–65166–DOT.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 11, 2003.

Bruce W. White, Richmond, VA, for debtor.

Brian J. Grossman, Richmond, VA, for creditor.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, JR., Chief Judge.

On March 21, 2003, the court issued a Memorandum Opinion and Order that denied confirmation of debtor's initial chapter 13 plan. Debtor filed a modified plan on April 18, 2003. Creditor John O'Hara, who had objected to the initial plan, filed an objection to the modified plan on May 19, 2003. An evidentiary hearing on the objection was held October 9, 2003, at which several of debtor's exhibits were received by the court. Debtor's counsel sent additional information to the court by letter dated October 27, 2003.

After considering the additional evidence submitted on debtor's behalf, the court will deny confirmation of debtor's modified plan.[1]

### Prior Ruling.

Debtor's initial plan provided a dividend to unsecured creditors of 15%. The court denied confirmation of the plan due to debtor's failure to carry his burden to prove the plan was filed in good faith. The ruling was based upon consideration of three issues:

1) Questionable validity of proof of claim in the amount of $65,956.00 filed by John Brooks, a former business associate of debtor.

2) Proposed budget monthly payment of $650.00 toward non-debtor spouse's credit card debt.

3) Questionable plan feasibility due to nature of debtor's internet buying and selling business and lack of supporting documentation.

### Facts.

Debtor's modified chapter 13 plan was filed on April 18, 2003, and proposes to pay $1,000.00 per month over 48 months for an estimated dividend to unsecured creditors of 30%.

Debtor's plan payments are based upon a joint monthly budget of debtor and his non-debtor spouse that includes an expense payment of $650.00 toward credit card debt of the spouse.

Unsecured claims have been filed in the case in the total amount of $114,803.92.

Additional findings of fact are stated below.

### Discussion and Conclusions of Law.

At hearing on October 9, debtor submitted evidence in support of his business income, derived from internet sales, along with documentation in support of the validity of the claim of John Brooks. Based on these exhibits, the court concludes that debtor has satisfied his burden of good faith as to these issues.

■ There remains the issue of debtor's plan proposal to continue paying $650.00 per month toward credit card debt of his non-debtor spouse. As requested by the court, subsequent to the hearing debtor's

---

1. This opinion incorporates the court's previous Memorandum Opinion and Order entered

March 31, 2003.

counsel sent the court a schedule of the credit card indebtedness in question, supported by account statements. The schedule reveals the spouse individually owes credit card debt of $32,031.00, with total minimum payments required of $493.00 per month.

The court denied confirmation of debtor's initial plan because debtor's spouse incurred this debt in part to pay business debt of debtor, and the court would not confirm a 15% plan that effectively preferred substantial other debt over debtor's unsecured creditors. Additionally, the court held that even if payment of the debt were to be allowed, the proposed payment of $650.00 monthly could not be approved if it "significantly exceeds the minimum" of total payments required under the credit card agreements.

In debtor's counsel's letter to the court dated October 27, 2003, he argues that "(1) these debts are solely the legal responsibility of Mrs. Carpenter regardless of their origin; (2) that Mrs. Carpenter has the legal duty to pay them and therefore they must be listed on the Expense Schedule J; and that (3) her scheduled payments to these creditors (near the minimum payment amounts) are reasonable and necessary. As such, the inclusion of these expenses in the modified Chapter 13 plan are not grounds for objection and are being paid in good faith by Mrs. Carpenter."

The fundamental issue raised by debtor's plan and budget is whether the chapter 13 plan of a married debtor, filing individually, may provide for full payment of substantial unsecured debt of the non-debtor spouse while paying a small percentage of the debtor's own unsecured creditors. As noted above, debtor's modified plan proposes to pay 30% of unsecured claims, while his budget proposes to continue paying the spouse's credit card debt outside the plan in total monthly amounts that exceed the minimum required monthly payments.

■ As required by the official bankruptcy forms, debtor's budget (Schedules I and J) includes his and his wife's monthly total income and living expenses.[2] Because debtor is part of a family unit, the court considers the total family income and expenses in calculating "disposable income" under Code § 1325(b)(2) as well as in the totality of circumstances good faith test. *In re Daniel,* 260 B.R. 763, 768 n. 5 (Bankr.E.D.Va.2001). "The rationale behind including non-debtor income in debtor's individual plan under the disposable income test is simple: a portion of the non-debtor spouse's income is likely to be applied to the basic needs of debtor and to potentially increase the share of debtor's own income that is not reasonably necessary for support." *Id.* at 768; *see In re Carter,* 205 B.R. 733, 736 (Bankr.E.D.Pa. 1996); 2 Keith M. Lundin, *Chapter 13 Bankruptcy,* § 164.1, at 164–28–30 (3d ed.2002); *see also In re Bottelberghe,* 253 B.R. 256, 262–63 (Bankr.D.Minn.2000). In other words, it is fair that the non-debtor spouse's income should be considered in calculating the appropriate chapter 13 plan payment. *In re Bottelberghe,* 253 B.R. at 262.[3]

■ Thus, total family income is used to pay the reasonable family living expenses. While reasonable family expenses may ap-

---

**2.** This court's official forms require chapter 13 budgets to include income and expenses of both debtor and non-debtor spouse. *See* Fed. R. Bankr.Proc. 1007(b)(1); Official Bankr. Form 6, Schedules I & J, 11 U.S.C.A.

**3.** One court has suggested that a different approach might be taken where a husband and wife have historically maintained separate finances. *In re Bottelberghe,* 253 B.R. at 262.

propriately include payment of debt of the non-filing spouse, *see In re Bottelberghe*, 253 B.R. at 263, the court must examine the payment in the context of the debtor's entire family budget.

According to the joint budget here, debtor's monthly income is $3,495.00, and his wife's income is $1,748.89. Their joint monthly living expenses, including the $650.00 credit card payment, are $4,240.48. Given the disparity in their income, it can be seen that debtor is essentially paying most if not all of the $650.00 payments on his wife's credit card debt. Debtor has acknowledged only that "some" of the debt was originally his own business debt.

As noted in the court's opinion of March 21, 2003, debtor has the burden of proving that under that totality of circumstances, he filed his plan in good faith and in compliance with § 1325(a)(3). *See Tillman v. Lombard*, 156 B.R. 156, 158 (E.D.Va.1993); *In re Daniel*, 260 B.R. at 767.[4] In this regard, it is debtor's burden to explain why and how much of his business debt was repaid by his wife.

After carefully considering debtor's family budget and his proposal to continue fully paying his wife's substantial debt outside the chapter 13 plan, the court finds that debtor has not satisfied his burden to demonstrate the plan was filed in good faith. He effectively proposes to prefer other debt to the claims of his unsecured creditors. Accordingly,

IT IS ORDERED that the objection to confirmation of debtor's chapter 13 plan filed by John O'Hara is sustained, and confirmation of the modified plan filed April 18, 2003, is denied.

IT IS FURTHER ORDERED that the Clerk of Court is directed to dismiss the Chapter 13 case unless, within twenty (20) days from this Order, the debtor takes one of the actions enumerated in Local Bankruptcy Rule 3015–2.

---

**4.** Although the court could find that the $650.00 credit card payment is not a reasonably necessary living expense of debtor, analysis of the disposable income test is complicated by the fact that debtor's plan extends over 48 months. Under Code § 1325(b) the disposable income test is based upon a debtor's plan payments over 36 months.